ELLIS, Judge.
This suit is founded upon a collision between a truck operated by one of the plaintiffs, and an automobile to which was attached a small trailer operated by the defendant.
The plaintiff and operator of the truck, Willie Brown, seeks damages individually and upon behalf of the. American Eagle Fire Insurance Co. for the amount paid to Brown, its insured, under a policy of collision insurance. Viola Brown, wife of Willie Brown and the other plaintiff, seeks damages for personal injuries.
The District Court rendered judgment in favor of the defendant and the plaintiffs have appealed.
The petition alleges that Brown, on the date in question was driving á pick-up truck in a southerly direction on U. Si Highway No. 61-65 toward Baton Rouge, La., and that the defendant Weber "was driving an automobile to which was attached a trailer, in a northerly direction on said highway. A collision occurred in a large curve near the residence of a Mr. O’Neil, between the trailer and the truck: The petition states the trailer, attached to the automobile, came loose and veered across the roadway into the path of the truck.
An exception of vagueness was filed, whereupon the plaintiff filed an amended petition in which it is -asserted that the truck was about 150 feet from the defendant’s car when Willie Brown' ■ first saw it approaching around the curve; that the defendant’s vehicle was over the ’center line of the road, and that he apparently attempted to go to his right and then to his left to overtake a car traveling in the same direction as the defendant but ahead of him; that the defendant cut back into his line of traffic and the trailer came loose; that Brown was on his right side of the Highway prior to and at the time of the collision; that the trailer hit the left front wheel of Brown’s truck, that the defendant was traveling at about 55 miles per hour at the time of the collision.
In answering, the defendant admits the collision but denies it happened according to the manner set forth In the petition. Further answering, the defendant states that Brown was driving on the wrong side of the road, proceeding. in a southerly direction; that he was driving at a highly excessive rate of speed; that the accident occurred near the center of a long curve in the highway, the north-tiound traffic .lane being the inner side of the curve and the south-bound traffic lane being the outer edge of the curve; that as the plaintiffs reached a point near the center of the curve defendant Willie Brown swerved his truck across the center, of- the highway and crashed into. .the: left rear wheel of the trailer knocking the trailer loose from the automobile and across a ditch on the east side of the highway. The- defendant further states in his .answer that he was operating his, vehicle in , a pi^ident and careful manner, exercising all safety .measures and that the accident was caused by no negligence upon his part, but was due to the sole negligence of the plaintiff Brown. It was expressly denied that the , trailer attached to the defendant’s car came loose, but that it was broken loose by the force of the blow it received when the plaintiff Brown crashed his vehicle into -the rear wheel of, th,e *664 trailer. Contributory negligence is also plead.
The vehicle ahead of the defendant was a car driven by Mrs. O’Neil. She states that she entered the highway upon which the accident happened; saw the Weber car approaching but had time to enter the highway before the car reached her; that she entered the highway and proceeded in a northerly direction, the Weber car being behind her. Mrs. O’Neil proceeded and turned into her drive-way which was near the scene of the accident. She claims that at no time did the Weber car attempt to pass her, and that she was traveling only about 25 or 30 miles per hour. She noticed the Weber car,, according to her testimony, because the curve is long and she had to turn and she did not wish any vehicle to strike the rear of her car. She stated positively that the defendant was on his proper side of the -highway and about 25 or 30 feet behind'her, and remained that distance until she made the turn into her drive-way and that he was proceeding very slowly when she completed her turn. The testimony of the plaintiff, Brown, when interrogated by the. Court, evidenced that he did not know exactly how the trailer came loose or whether his truck knocked it loose from the vehicle of the defendant.
The State Trooper, Martin, who investigated the accident, based his testimony entirely upon a Police report, and the trial court found his evidence very unsatisfactory. Certainly it contained no corroboration of the plaintiffs’ testimony. He did not recall the conversation he had with both drivers.
A Mr. Slater, who is a welder, was introduced by the defendant, and his testimony is to the effect that some strong force broke the trailer hitch.
The Trial Court found that -the defendant, Weber, was guilty of no negligence and that the proximate cause of the accident was the act of the plaintiff, Brown, in crossing to his wrong side of the highway, traveling at an-unsafe rate of speed around 'a dangerous curve, and striking the trailer.
The plaintiffs having failed to sustain the burden of proof and finding no manifest error in the judgment of the lower court it is hereby affirmed.